JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709
DAVID KIEBLER
Assistant United States Attorney
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
702-388-6519 (phone)
702-388-5087 (fax)
david.kiebler@usdoj.gov
*Attorney for the United States of America*

FILED
AUG 1 8 2023
U.S. MAGISTRATE JUDGE
BY_____

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD EDWIN SANCHEZ,<br>AKA "TRIGGER"<br><br>Defendant. | Case No.   2:23-MJ- 757 -VCF<br><br>**CRIMINAL COMPLAINT**<br><br>VIOLATIONS:<br><br>21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Distribution of a Controlled Substance<br><br>18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) – Engaging in the Business of Dealing and Manufacturing Firearms Without a License<br><br>18 U.S.C. § 922(o) – Possession or Transfer of a Machinegun |

BEFORE the Honorable Cam Ferenbach, United States Magistrate Judge, Las Vegas, Nevada, the undersigned Complainant, being duly sworn, deposes and states:

**COUNT ONE**
*Distribution of a Controlled Substance*
(21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

On or about April 21, 2023, in the State and Federal District of Nevada,

**RICHARD EDWIN SANCHEZ,**
aka "Trigger,"

defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT TWO**
*Engaging in the Business of Dealing or Manufacturing Firearms Without a License*
(18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D))

Between on or about April 24, 2023, and August 3, 2023, in the State and Federal District of Nevada,

**RICHARD EDWIN SANCHEZ,**
aka "Trigger,"

defendant herein, not being a licensed dealer, importer, or manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

**COUNT THREE**
*Distribution of a Controlled Substance*
(21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

On or about April 24, 2023, in the State and Federal District of Nevada,

**RICHARD EDWIN SANCHEZ,**
aka "Trigger,"

defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR
*Distribution of a Controlled Substance*
(21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

On or about April 26, 2023, in the State and Federal District of Nevada,

**RICHARD EDWIN SANCHEZ,**
**aka "Trigger,"**

defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE
*Distribution of a Controlled Substance*
(21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

On or about May 1, 2023, in the State and Federal District of Nevada,

**RICHARD EDWIN SANCHEZ,**
**aka "Trigger,"**

defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX
*Distribution of a Controlled Substance*
(21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

On or about May 5, 2023, in the State and Federal District of Nevada,

**RICHARD EDWIN SANCHEZ,**
**aka "Trigger,"**

defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN
*Distribution of a Controlled Substance*
(21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

On or about May 18, 2023, in the State and Federal District of Nevada,

**RICHARD EDWIN SANCHEZ,**
aka "Trigger,"

defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT
*Possession or Transfer of a Machinegun*
(18 U.S.C. §§ 922(o) and 924(a)(2))

On or about May 18, 2023, in the State and Federal District of Nevada,

**RICHARD EDWIN SANCHEZ,**
aka "Trigger,"

defendant herein, did knowingly possess or transfer a machinegun, to wit: four selector switches used to modify semi-automatic firearms to fire as fully automatic firearms, enabling the firearm to automatically shoot more than one shot without manual reloading, by a single function of the trigger, all in violation of Title 18, United States Code, Section 922(o) and 924(a)(2).

## COUNT NINE
*Distribution of a Controlled Substance*
(21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

On or about May 23, 2023, in the State and Federal District of Nevada,

**RICHARD EDWIN SANCHEZ,**
aka "Trigger,"

defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TEN
*Possession or Transfer of a Machinegun*
(18 U.S.C. §§ 922(o) and 924(a)(2)

On or about June 6, 2023, in the State and Federal District of Nevada,

**RICHARD EDWIN SANCHEZ,**
**aka "Trigger,"**

defendant herein, did knowingly possess or transfer a machinegun, to wit: conversion devices used to modify semi-automatic firearms to fire as fully automatic firearms, enabling the firearm to automatically shoot more than one shot without manual reloading, by a single function of the trigger, all in violation of Title 18, United States Code, Section 922(o) and 924(a)(2).

## COUNT ELEVEN
*Possession or Transfer of a Machinegun*
(18 U.S.C. §§ 922(o) and 924(a)(2)

On or about August 3, 2023, in the State and Federal District of Nevada,

**RICHARD EDWIN SANCHEZ,**
**aka "Trigger,"**

defendant herein, did knowingly possess or transfer a machinegun, to wit: three selector switches used to modify semi-automatic firearms to fire as fully automatic firearms, enabling the firearm to automatically shoot more than one shot without manual reloading, by a single function of the trigger, all in violation of Title 18, United States Code, Section 922(o) and 924(a)(2).

## PROBABLE CAUSE AFFIDAVIT

1. I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), a component of the United States Department of Justice, and have been so employed since December of 2021. I am currently assigned to the ATF Las Vegas Group II. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and Special Agent Basic Training at the ATF National Academy. The training that I received at the academy totaled over 1,000 hours of education and experience on various topics including formalized instruction in, among other things: firearms, drugs, and violent crime-related investigations, familiarization with United States firearms laws, financial investigations and money laundering, identification and seizure of drug and firearms tracking related assets, physical and electronic surveillance, weapon qualification and tactics, operation and use of confidential sources, and undercover operations.

2. Prior to my employment as an ATF Special Agent, I served over fourteen years as a sworn peace officer within the State of Utah at the St. George Police Department between August 2007 and November 2021. I graduated from the Utah Peace Officer Standards and Training Academy (POST) after receiving approximately 600 hours of formalized instruction pertaining to the investigation and enforcement of laws within the State of Utah. During my time as a St George Police Officer and Detective, I investigated numerous types of crimes including aggravated and simple assaults, homicides, residential and commercial burglaries, possession and distribution of narcotics and controlled substances, gang related crimes, illegal firearm possession as well as other firearm related investigations. In addition to the training and education provided by Utah POST I attended

an additional 1,000 hour of training and education related to interview and interrogation techniques, money laundering, gangs and gang history, human trafficking, firearm trafficking, crime scene documentation and investigation, undercover operations, physical and electronic surveillance, and the operation and use of confidential sources.

3. I have been involved in an investigation which is the subject of this Affidavit. Due to my personal participation in this investigation and reports made to me by other ATF Agents and other law enforcement, I am familiar with the facts and circumstances surrounding the investigation. My training and experience as a Special Agent, including participation in this investigation, form the basis for opinions and conclusions set forth below. While I have participated in the below described investigation, I have not provided every fact known to me within this Complaint. Rather, I have included only those facts necessary to establish probable cause.

## FACTS ESTABLISHING PROBABLE CAUSE

4. In April of 2023, the ATF Las Vegas Field Office began an investigation into Richard Edwin SANCHEZ aka "Trigger." As the investigation progressed, an individual provided the ATF Undercover (ATF UC) with the SANCHEZ's phone number and relayed that SANCHEZ would sell firearms to the UC. The UC then communicated with SANCHEZ and ordered narcotics from SANCHEZ.

5. Over the course of the next several months, SANCHEZ sold the UC narcotics and numerous firearms in controlled transactions monitored by law enforcement. Prior to the transactions, the UC and SANCHEZ arranged the price for the narcotics and firearms as well as the time, date, and location for the transaction.

6. Each of the below transactions occurred in Las Vegas, Nevada:

a. On or about April 21, 2023, SANCHEZ sold the UC approximately 8 grams of suspected cocaine. A forensic analysis by the DEA Southwest lab confirmed the substance as cocaine.

b. On or about April 24, 2023, SANCHEZ sold the UC approximately 16 grams of suspected cocaine and an AR Style Privately Made Firearm (PMF). A forensic analysis by the DEA Southwest lab confirmed the substance as cocaine.

c. On or about April 26, 2023, SANCHEZ sold the UC approximately 32 grams of suspected cocaine and a Keltec rifle. A forensic analysis by the DEA Southwest lab confirmed the substance as cocaine.

d. On or about May 1, 2023, SANCHEZ sold the UC approximately 30 grams of suspected cocaine and a Glock style PMF pistol. A forensic analysis by the DEA Southwest lab confirmed the substance as cocaine.

e. On or about May 5, 2023, SANCHEZ sold the UC approximately 16 grams of suspected cocaine and two Glock pistols. A forensic analysis by the DEA Southwest lab confirmed the substance as cocaine.

f. On or about May 18, 2023, SANCHEZ sold the UC approximately 118 grams of suspected cocaine, a shotgun, two pistols and four Machine gun Conversion Devices (MCDs). A MCD is devices that causes a firearm to fire multiple times by a single function of the trigger. These devices are not easily acquired, are regulated by ATF with the NFA central registry known as the NFRTR. A forensic analysis by the DEA Southwest lab confirmed the substance as cocaine.

g. On or about May 23, 2023, SANCHEZ sold the UC approximately 30 grams of suspected cocaine and five pistols. A forensic analysis by the DEA Southwest lab confirmed the substance as cocaine.

h. On or about Jun 6, 2023, SANCHEZ sold the UC seven MCDs to the UC.

i. On or about June 13, 2023, SANCHEZ sold the UC three Glock pistols.

j. On or about August 3, 2023, SANCHEZ sold the UC an Anderson AR style rifle, a Llama pistol, and three MCDs.

7. A records check through the Federal Firearms Licensing system showed

SANCHEZ does not have a Federal Firearm License (FFL) to engage in the business of dealing firearms.

## CONCLUSION

8. Based on the above facts, I respectfully submit that there exists probable cause to charge Richard Edwin SANCHEZ with violations of 18 U.S.C. § 922(a)(1)(A), *Dealing, Importing, or Manufacturing a Firearm Without a License*, 18 U.S.C. § 922(o), *Transfer or Possession of Machinegun,* and 21 U.S.C. § 841(a)(1), *Distributing a Controlled Substance,* 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Respectfully Submitted,

_____
Robert Raybould, Special Agent
Alcohol, Tobacco, Firearms, and
Explosives (ATF)

S+6652

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on __15<sup>t</sup>__ day of August 2023.

_____
THE HONORABLE CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

9